Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| JOEL HERNÁNDEZ SANTOS<br><br>Recurrente<br><br><br>v.<br><br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | KLRA202500075 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br>B705-32455<br><br>Sobre:<br>Evaluar Plan Institucional |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de marzo de 2025.

Comparece ante nuestra consideración, Joel Hernández Santos, (recurrente o confiando) y nos solicita que revisemos la *Resolución* emitida el 28 de octubre de 2024, por el Comité de Clasificación y Tratamiento (Comité o foro administrativo). Mediante el referido dictamen, el Comité ratificó el nivel de custodia en el que este se encuentra confinado. Por los fundamentos que expondremos a continuación, *confirmamos* el dictamen apelado.

El recurrente se encuentra confinado en la Institución Penal "Ponce Principal", donde cumple una sentencia de 315 años, dictada el 2 de mayo de 2008. A tono con ello, el confinado fue clasificado inicialmente al nivel de custodia máxima. Posteriormente, el 19 de abril de 2022, la custodia del recurrente fue reclasificada a mediana.

El 28 de octubre de 2024, al Comité evaluó la solicitud de reclasificación de custodia del confinado y resaltó que el confinado completó sus estudios de escuela superior, no cuenta con querellas en su contra, no ha cometido faltas disciplinarias, completó varios talleres, entre ellos: terapias de Trastornos Adictivos, terapias de Control de Conducta Violenta y las terapias de Aprendiendo a Vivir Sin Violencia del NRT.

Con todo ello ante su consideración, el 28 de octubre de 2024, el Comité emitió una *Resolución* en la que ratificó el nivel de custodia del recurrente. Al así hacerlo, resaltó que el confinado fue:

> Sentenciado a 315 años, por la comisión de tres asesinatos en primer grado con armas de fuego, en donde pierden la vida varios seres humanos. No acepta la comisión de los delitos por los cuales fue juzgado y sentenciado. El mínimo de su sentencia está pautado para el 6 de julio de 2032, por lo que le restan 08 años para ser referido a la Junta de LBP y el máxima es el 17 de marzo 2314, restándole 290 años para extinguirla. Con esta sentencia el Tribunal pretende garantizar la protección de la sociedad mientras se trabaja en la rehabilitación moral y social del confinado.

Inconforme con esta determinación, el recurrente apeló la misma a nivel administrativo y esta fue denegada. Al respecto, se consignó en la denegatoria los mismos señalamientos esbozados en la *Resolución*.

Insatisfecho, presentó una *Solicitud de Reconsideración que* fue eventualmente denegada por el foro administrativo. Así las cosas, acudió ante este Tribunal y señaló que erró el Comité al ratificar su nivel de custodia mediana utilizando la modificación discrecional de "*Gravedad del Delito*" y su historial disciplinario durante el confinamiento.

Las determinaciones administrativas gozan de una presunción de legalidad y corrección, la cual subsistirá mientras no se produzca suficiente prueba como para derrotarla. *Batista, Nobbe v. Jta. Directores*, 185 DPR 206 (2012). Desde luego, la revisión judicial nos permite asegurar que los organismos administrativos actúen de acuerdo con las facultades que legalmente les fueron concedidas. *Comisión Ciudadanos v. G.P. Real Property*, 173 DPR 998 (2008). Sin embargo, la deferencia concedida a las agencias administrativas solamente cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el organismo administrativo erró en la aplicación o interpretación de las leyes o de los reglamentos que se le encomendó administrar; (3) cuando el organismo administrativo actúa arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) cuando la actuación administrativa lesiona derechos constitucionales fundamentales. *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800 (2012). Véase, además, *Pérez López v. Departamento de Corrección y Rehabilitación*, 208 DPR 656.

El Departamento de Corrección y Rehabilitación aprobó el *Manual para la Clasificación de Confinados*, Reglamento Núm. 9151 de 22 de enero de 2020 (Manual de Clasificación). El propósito del Manual de Clasificación es establecer un sistema organizado para ingresar, procesar y asignar a los confinados a instituciones y programas del Departamento de Corrección y Rehabilitación.

En lo pertinente, el apéndice K del Manual para la Clasificación establece el *Formulario de Reclasificación de Custodia/Escala de Reclasificación de Custodia* para casos sentenciados. Este dispone que

se usará para actualizar y revisar la evaluación inicial del confinado. Ademas, aclara que "la reevaluación de custodia no necesariamente tiene como resultado un cambio en la clasificación de custodia o la vivienda asignada. Su función primordial es verificar la adaptación del confinado y prestarle atención a cualquier situación que pueda surgir".

Los criterios objetivos que el Comité deberá analizar durante el proceso de evaluación de reclasificación de custodia del confinado son los siguientes: (1) la gravedad de los cargos/sentencias actuales; (2) historial de delitos graves anteriores; (3) historial de fuga; (4) número de acciones disciplinarias; (5) acción disciplinaria más seria; (6) sentencias anteriores por delitos graves como adulto; (7) participación en los programas institucionales; y (8) edad actual del confinado. Manual de Clasificación, *supra, Apéndice K, Sec. II.*

El nivel de custodia asignado, según la escala, es la siguiente: 5 puntos o menos en los renglones 1 al 8 sobre los criterios de evaluación antes referidos corresponde a una custodia mínima; 5 puntos o menos en los renglones 1 al 8, pero con órdenes de arresto o detención, corresponde a una custodia mediana; 6 a 10 puntos en los renglones 1 al 8 corresponde a una custodia mediana; 7 puntos o más en los renglones 1 al 8 corresponde a una custodia máxima; y 11 puntos o más en los renglones 1 al 8 corresponde a una custodia máxima. Manual de Clasificación, *supra,* Apéndice K, Sec. III.

Los criterios para las modificaciones discrecionales adicionales para recomendar un nivel de custodia más alto son: (1) la gravedad del delito; (2) el historial de violencia excesiva; (3) la afiliación prominente con gangas; (4) la dificultad en el manejo del confinado; (5) los grados

de reincidencia; (6) el riesgo de fuga; (7) el comportamiento sexual agresivo; (8) los trastornos mentales o desajustes emocionales; (9) si representa una amenaza o peligro; (10) la desobediencia de las normas o rehusarse al plan de tratamiento; y (11) el reingreso por violación de normas. Manual de Clasificación, *supra,* Apéndice K, Sec. III (D).

Cabe destacar que, cuando la escala arroja una puntuación muy reducida, el evaluador puede referirse al criterio de *gravedad del delito.* Allí se dispone que se aplicará cuando la puntuación subestima la gravedad del delito. El evaluador debe documentar las circunstancias del delito cometido, según aparece en la declaración los hechos. Este criterio aplicará cuando las "... circunstancias del delito y sus consecuencias hayan creado una situación de tensión en la comunidad, revistiéndose el caso de notoriedad pública y la comunidad se siente amenazada con su presencia." Íd. Al aplicar este criterio, el evaluador puede modificar la puntuación originalmente obtenida para que la misma sea coherente con el nivel de gravedad del delito cometido.

En el presente caso, el recurrente esbozó varios señalamientos de error. En síntesis, argumentó que erró el Comité de Clasificación al ratificarle la custodia mediana. De la *Resolución* surge que la base utilizada por el Comité para llegar a la determinación de mantener al recurrente en custodia mediana fue a través del examen de varios factores. El Comité reconoció los signos de rehabilitación que ha mostrado el confinado. A esos efectos, resaltó que el recurrente no cuenta con querellas en su contra, no ha cometido faltas disciplinarias y completó sus estudios de escuela superior. Además, completó varios talleres, entre ellos: terapias de Trastornos Adictivos, terapias de

Control de Conducta Violenta y las terapias de Aprendiendo a Vivir Sin Violencia del NRT., Control de Impulsos y Manejo de Coraje. Con ello, su puntuación objetiva arrojó dos (2), lo cual supone un nivel de custodia mínima.

A pesar de ello, el Comité tomó en consideración factores discrecionales como la gravedad del delito para concluir que no debía reducirse el nivel de custodia. Al examinar este proceder, notamos que la determinación del Comité fue el resultado de un análisis ponderado del nivel de rehabilitación que está experimentando el confinado y, de otra parte, la severidad de los delitos cometidos. Además, el foro administrativo expresó que al confinado le faltan alrededor de 8 años para entrar en jurisdicción de la Junta de Libertad Bajo Palabra. En consecuencia, el Comité concluyó que el confinado debía permanecer en custodia mediana.

Examinado el expediente, no advertimos que la determinación administrativa impugnada desborde los márgenes de actuación delimitadas por el ordenamiento legal. Por el contrario, concluimos que actuó correctamente el foro administrador, dentro de los límites de su discreción, al ratificar el nivel de custodia del recurrente.

Por otra parte, en relación con el planteamiento de que erró el Comité al tomar en consideración el historial disciplinario del reo, no le asiste razón al recurrente. Al realizar un análisis minucioso del expediente ante nuestra consideración constatamos que dicho historial no se tomó en consideración para la puntuación final en la reevaluación del nivel de custodia.

Por tanto, en ausencia de una *Resolución* arbitraria, ilegal o irrazonable por parte del foro administrativo, *confirmamos* el dictamen apelado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones